IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| EDWARD JEVAN ERVIN, PRO SE, § | | |
| TDCJ-CID No. 1494686, § | | |
| Previous TDCJ-CID No. 763162, § | | |
| § | | |
| Plaintiff, § | | |
| § | | |
| v. § | 2:09-CV-0236 | |
| § | | |
| JOE S. NUNN, NORVEL ARNOLD, and § | | |
| LINDA SHORT, § | | |
| § | | |
| Defendants. § | | |

**REPORT AND RECOMMENDATION**

Plaintiff EDWARD JEVAN ERVIN, acting pro se and while a prisoner incarcerated in the Texas Department of Criminal Justice, Institutional Division, has filed suit pursuant to Title 42, United States Code, Section 1983 complaining against the above-referenced defendants and has been granted leave to proceed in forma pauperis.

Plaintiff alleges that, on July 21, 2008, he went to the unit mailroom to pick up some mail from his attorney, only to be informed by a mailroom employee that it had been opened by mistake. Plaintiff says he refused to accept the legal mail and requested that the mailroom supervisor call a security supervisor to witness the mistaken opening of plaintiff's legal mail.

Plaintiff claims defendant SHORT, the mailroom supervisor, is "responsible for [the] mail tampering violation" and that she retaliated against him by writing him a disciplinary case.

Plaintiff claims defendant ARNOLD, "upheld the wrongful actions denied inmate grievance complaint."

Plaintiff claims defendant NUNN "[f]ailed to take appropriate actions for mail tampering

and retaliation."

Plaintiff requests punitive damages of $10,000.00 and court costs.

## JUDICIAL REVIEW

When a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, the Court must evaluate the complaint and dismiss it without service of process, *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990), if it is frivolous[1], malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. 1915A; 28 U.S.C. 1915(e)(2). The same standards will support dismissal of a suit brought under any federal law by a prisoner confined in any jail, prison, or other correctional facility, where such suit concerns prison conditions. 42 U.S.C. 1997e(c)(1). A *Spears* hearing need not be conducted for every pro se complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991)[2].

The Magistrate Judge has reviewed plaintiff's pleadings and has viewed the facts alleged by plaintiff both in his complaint and in his response to the Court's Questionnaire to determine if his claim presents grounds for dismissal or should proceed to answer by defendants.

## THE LAW AND ANALYSIS

To the extent plaintiff is attempting to assert a claim that his First Amendment rights were violated by the mistaken opening of his legal mail in violation of TDCJ-CID regulations requiring that it be opened, if at all, in plaintiff's presence, his claim is frivolous because plaintiff

---

[1] A claim is frivolous if it lacks an arguable basis in law or in fact, *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993); *see*, *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).

[2] *Cf*, *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing. A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire.").

has not alleged he suffered an actual injury stemming from the alleged unconstitutional conduct. *Lewis v. Casey*, 518 U.S. 343, 351-54, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996); *Ruiz v. United States*, 160 F.3d 273, 275 (5th Cir. 1998)(without proving actual injury, the prisoner/plaintiff cannot prevail on an access-to-courts claim); *Chriceol v. Phillips*, 169 F.3d 313 (5th Cir. 1999). Further, if a litigant's position is not prejudiced by the claimed violation, his claim of denial of access to the courts is not valid. *Henthorn v. Swinson*, 955 F.2d 351, 354 (5th Cir.), *cert. denied*, 504 U.S. 988, 112 S.Ct. 2974, 119 L.Ed.2d 593 (1992). Plaintiff has not pleaded any actual injury stemming from the mistaken opening of his legal mail. Plaintiff has utterly failed to state an access to courts claim.

The Court notes plaintiff does not allege defendant SHORT actually opened or ordered the opening of his legal mail. Nevertheless, he claims she is responsible. It appears he is attempting to base liability on defendant SHORT's supervisory position. A civil rights plaintiff must establish a causal connection between the acts or omissions of the defendant and the resultant constitutional deprivation. *Reimer v. Smith*, 663 F.2d 1316, 1323 (5th Cir. 1981). This may be done by alleging either active participation by the defendant in the actions causing the deprivation of the plaintiff's constitutional rights or affirmative adoption by the defendant of policies which were wrongful or illegal and which caused the constitutional deprivation. *Wanger v. Bonner*, 621 F.2d 675, 679 (5th Cir. 1980). Theories of vicarious liability, such as *respondeat superior*, cannot support a cause of action under section 1983. *Thompkins v. Belt*, 828 F.2d 298, 303 (5th Cir. 1987). To the extent plaintiff's claims of liability against defendant SHORT are based on her supervisory position, plaintiff's claims lack an arguable basis in law and are frivolous. *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

In the wake of *Sandin v. Conner*, 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995), plaintiff has no "created liberty interest of the regulations of Texas Department of Criminal Justice-Institutional Division." The failure of an officer to follow agency procedural regulations or even the relevant state law is not, without more, a constitutional violation, because the relevant constitutional minima may nevertheless have been satisfied. *See, e.g., Murray v. Mississippi Dept. of Corrections*, 911 F.2d 1167, 1168 (5th Cir. 1990); *Ramirez v. Ahn*, 843 F.2d 864, 867 (5th Cir.), *cert. denied*, 489 U.S. 1085, 109 S.Ct. 1545, 103 L.Ed.2d 849 (1989); *Baker v. McCollan*, 433 U.S. 137, 146-47, 99 S.Ct. 2689, 2695-2696, 61 L.Ed.2d 433 (1979). Therefore, to the extent plaintiff's claims are based upon a violation of prison regulations, they lack an arguable basis in law and are frivolous. *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

As to plaintiff's retaliation claim against defendant SHORT, plaintiff received a minor disciplinary case for failing to obey defendant SHORT's order to return to the mailroom. The case resulted in a finding of guilty and the imposition of 20 hours of extra duty. Plaintiff claims this case was written to retaliate against him and that he was punished "only because [his] rights were violated... ."

To claim retaliation, a prisoner must allege (1) a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for his or her exercise of that right, (3) a retaliatory adverse act, and (4) causation. *McDonald v. Steward*, 132 F.3d 225, 231 (5th Cir. 1998). The inmate must be able to point to a specific constitutional right that has been violated. *Jones v. Greninger*, 188 F.3d 322, 325 (5th Cir.1999).

Nothing in the Constitution grants plaintiff the right to dictate the conditions under which

he will consent to go to the mailroom and accept his legal mail or to demand the presence of a supervisor before he will sign for his mail. Plaintiff has failed to identify a constitutional right which will support his retaliation claim and has, therefore, failed to state a claim of retaliation.

Plaintiff sues defendant ARNOLD because he denied plaintiff's grievance on the unit level. The narrowing of prisoner due process protection announced in *Sandin v. Conner*, 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995), leaves plaintiff without a federally-protected right to have his grievances investigated and resolved. Any right of that nature is grounded in state law or regulation and, as noted earlier herein, the mere failure of an official to follow state law or regulation, without more, does not violate constitutional minima. *See, e.g., Murray v. Mississippi Dept. of Corrections*, 911 F.2d 1167, 1168 (5th Cir. 1990); *Ramirez v. Ahn*, 843 F.2d 864, 867 (5th Cir.), *cert. denied*, 489 U.S. 1085, 109 S.Ct. 1545, 103 L.Ed.2d 849 (1989); *Baker v. McCollan*, 433 U.S. 137, 146-47, 99 S.Ct. 2689, 2695-2696, 61 L.Ed.2d 433 (1979). Plaintiff's claim against defendant ARNOLD lacks an arguable basis in law and is frivolous. *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

As to plaintiff's claim against defendant NUNN, that claim appears to be based on NUNN's supervisory position as warden. The acts of subordinates trigger no individual section 1983 liability for supervisory officers. *Champagne v. Jefferson Parish Sheriff's Office*, 188 F.3d 312, 314(5th Cir. 1999). Plaintiff has stated no facts showing involvement by defendant NUNN and has failed to identify an unconstitutional policy adopted or promulgated by him which caused any constitutional deprivation. *Thompkins v. Belt*, 828 F.2d 298, 304 (5th Cir.1987); *Douthit v. Jones*, 641 F.2d 345, 346 (5th Cir.1981) (*per curiam*). Plaintiff's claim against defendant NUNN lacks an arguable basis in law and is frivolous. *Neitzke v. Williams*, 490 U.S.

319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

## CONCLUSION

For the reasons set forth above and pursuant to Title 28, United States Code, sections 1915A and 1915(e)(2), as well as Title 42, United States Code, section 1997e(c)(1), it is the RECOMMENDATION of the Magistrate Judge to the United States District Judge that the Civil Rights Complaint by plaintiff EDWARD JEVAN ERVIN filed pursuant to Title 42, United States Code, section 1983 be DISMISSED WITH PREJUDICE AS FRIVOLOUS AND WITHOUT PREJUDICE FOR FAILURE TO STATE A CLAIM ON WHICH RELIEF CAN BE GRANTED.

## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 21st day of September, 2009.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

## * <u>NOTICE OF RIGHT TO OBJECT</u> *

Any party may object to these proposed findings, conclusions and recommendation. In the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing objections is eleven (11) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(B), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(D). When service is made by mail or electronic means, three (3) days are added after the prescribed period. Fed. R. Civ. P. 6(e). Therefore, any objections must be <u>filed</u> **on or before the fourteenth (14th) day after this**

Case 2:09-cv-00236-J-BB   Document 4   Filed 09/21/09   Page 7 of 7   PageID 39

**recommendation is filed** as indicated by the "entered" date.  *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as authorized by Local Rule 3.1, Local Rules of the United States District Courts for the Northern District of Texas.

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation."  Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties.  A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court.  *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).

7