IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| EDWARD JEVAN ERVIN, PRO SE, § <br> TDCJ-CID No. 1494686, § <br> Previous TDCJ-CID No. 763162, § <br> § <br> Plaintiff, § <br> § <br> v. § <br> § <br> JOE S. NUNN, NORVEL ARNOLD, and § <br> LINDA SHORT, § <br> § <br> Defendants. § | 2:09-CV-0236 |

**ORDER OF DISMISSAL**

Plaintiff EDWARD JEVAN ERVIN, while a prisoner confined in the Texas Department of Criminal Justice, Correctional Institutions Division, filed suit pursuant to Title 42, United States Code, section 1983 complaining against the above-referenced defendants and has been granted leave to proceed *in forma pauperis*.

On September 21, 2009, a Report and Recommendation was issued by the United States Magistrate Judge analyzing plaintiff's claims and recommending dismissal with prejudice as frivolous and without prejudice for failure to state a claim on which relief can be granted.

Plaintiff filed his Objections on November 2, 2009. By his Objections, plaintiff argues he was injured in that his legal mail was not delivered to him because of his refusal to sign what he terms a waiver of rights notifying him his legal mail had been opened outside his presence by mistake. Plaintiff states "such cause a disruption in the attorney-client relationship." This allegation is not sufficient to state an actual injury showing with specificity how his position as a litigant was injured. *Lewis v. Casey*, 518 U.S. 343, 351-54, 116 S.Ct. 2174, 135 L.Ed.2d 606

(1996); *Ruiz v. United States*, 160 F.3d 273, 275 (5th Cir. 1998)(without proving actual injury, the prisoner/plaintiff cannot prevail on an access-to-courts claim); *Chriceol v. Phillips*, 169 F.3d 313 (5th Cir. 1999).

Plaintiff now says his primary goal in filing his complaint was to hold prison officials accountable for numerous "suspiciously convenient, arbitrary and seemingly malicious accidental" openings of legal mail by mailroom staff.  If plaintiff is attempting to assert a claim that there is a conspiracy among mailroom staff to open legal mail in violation of TDCJ policy, plaintiff has alleged no fact to support such a claim of conspiracy.  It is well settled that "'mere conclusory allegations of conspiracy cannot, absent reference to material facts,' state a substantial claim of federal conspiracy." *McAfee v. 5th Circuit Judges*, 884 F.2d 221 (5th Cir.1989), *cert. denied*, 493 U.S. 1083, 110 S.Ct. 1141, 107 L.Ed.2d 1046 (1990).  Moreover, plaintiff's allegations make clear that his claim in this regard is entirely speculative.

The Court has made an independent examination of the records in this case and has examined the Magistrate Judge's Report and Recommendation, as well as the Objections filed by the plaintiff.

The Court is of the opinion that the objections of the plaintiff should be OVERRULED and the Report and Recommendation of the United States Magistrate Judge should be ADOPTED by the United States District Court.

This Court, therefore, does OVERRULE plaintiff's objections, and does hereby ADOPT the Report and Recommendation of the United States Magistrate Judge.

IT IS THEREFORE ORDERED that this Civil Rights Complaint is DISMISSED WITH PREJUDICE AS FRIVOLOUS and WITHOUT PREJUDICE FOR FAILURE TO STATE A CLAIM ON WHICH RELIEF CAN BE GRANTED.

LET JUDGMENT BE ENTERED ACCORDINGLY.

All pending motions are DENIED.

IT IS SO ORDERED.

ENTERED this 4th day of November, 2009.

/s/ Mary Lou Robinson
MARY LOU ROBINSON
UNITED STATES DISTRICT JUDGE